## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

          PLAINTIFF,

CASE NO. _____

v.

$39,970.00 IN U.S. CURRENCY,

          DEFENDANT.

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Gregory G. Brooker, Acting United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.    This is an action to forfeit and condemn to the use and benefit of the United States of America $39,970.00 in U.S. Currency for violations of 21 U.S.C. § 841 *et seq.*

### THE DEFENDANT *IN REM*

2.    The defendant *in rem* is $39,970.00 in U.S. Currency that was seized at the Minneapolis/St. Paul International Airport Mail Stream on February 22, 2017. The defendant *in rem* is in custody of the United States Postal Inspection Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant $39,970.00 in U.S. Currency (the "Defendant Currency"). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Currency under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Currency pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant Currency is located in this District.

## FACTS

6. On February 21, 2017, Inspectors from United States Postal Inspection Service ("USPIS") identified a suspicious Priority Mail Express parcel ("Parcel") while reviewing outbound mail at the Minneapolis/St Paul (MSP) Airport Local Distribution Center.

7. The Parcel was addressed to "Gane Lee," at 4*** East Tyler Avenue, Fresno, California 93727. The "From" section of the mailing label listed "U Taxes.com" at 5** Garden Street, Eau Claire, Wisconsin 54703."

8. The Parcel was posted on February 21, 2017, at 9:21 a.m. at the Chippewa Falls Post Office, Chippewa Falls, WI 54729. The Parcel weighed approximately 8 pounds, 10 ounces. It bore $83.50 in postage, which was paid in cash.

9. Postal Inspectors know that narcotics traffickers prefer to use cash as a method of payment in an effort to remain anonymous.

10. The post office from which the Parcel was mailed in Chippewa Falls was approximately 14 miles from the address listed in the "From" section on the parcel label in Eau Claire.

11. A database search revealed that there are five post offices in the city of Eau Claire, Wisconsin.

12. Narcotics traffickers often mail parcels at post offices other than the ones nearest their residence or place of employment in an effort to avoid detection.

13. The sender's name listed on the handwritten address label attached to the Parcel was "U Taxes.com."

14. Narcotics or other contraband traffickers often hand-write address labels to attach to a parcel instead of using pre-printed labels, which is customary for legitimate businesses utilizing the Express Mail service.

15. The Postal Inspectors conducted an on-line database search on the addresses written on the Express Mail label.

16. The business "U Taxes.com" was not associated with the "From" address listed on the Parcel, 5** Garden Street, Eau Claire, WI 54703.

17. The Inspectors searched the Wisconsin Secretary of State database and found no registered business under "U Taxes.com."

18. Based on experience and training, the Inspectors know that people involved in the trafficking of narcotics often use fictitious names or businesses in an effort to avoid detection.

19. The Parcel was sent by Express Mail, which is a more costly and expedited method of shipment than other methods of sending mail.

20. Narcotic traffickers often use U.S. mail to transport controlled substances and currency that is the proceeds of, or intended to be used as payment for, controlled substances.

21. Many narcotic traffickers know that Express and Priority Mail are considered First Class Mail and may only be searched pursuant to a warrant.

22. Additionally, Express Mail enables senders to track the parcels, control dispatch times and locations, and have a guarantee of delivery in one or two business days.

23. Narcotic traffickers are aware that with Express Mail, any delay in delivery may indicate the parcel has been intercepted by law enforcement.

24. After identifying the Parcel one that bears certain characteristics of narcotics or narcotics proceeds mailings; the Postal Inspectors took possession of the Parcel for further investigation.

25. The Inspectors contacted the delivery post office in Fresno, California to identify all parties currently receiving mail at 4*** East Tyler Avenue and learned that Gane Lee receives mail at this address.

26. Gane Lee has an extensive criminal history including multiple narcotics convictions, receipt of stolen property, felon in possession of a firearm, theft, and parole violations, among other things.

27. On February 21, 2017, a narcotics detection canine sniff was conducted on the Parcel by certified narcotics detection canine Jackson and his Canine Handler.

28. The Parcel was placed along with other parcels on the floor. Upon examination of the subject Parcel, Jackson alerted positive to the presence of controlled substance odors on the Parcel.

29. People who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle. Packaging materials are also often stored in close proximity to the controlled substances, transferring the odor onto the packaging materials.

30. A database search on the phone number listed on the "From" section of the mailing label showed that it was associated to Lee Xiong, at 1*** East Clairemont Avenue, Eau Claire, WI 54701.

31. Lee Xiong's Wisconsin driver's license lists 1*** East Clairemont Avenue, Eau Claire, WI 54701 as her address.

32. Inspectors also contacted the Eau Claire Post Office to identify all persons or entities receiving mail at 5** Garden Street, the return address listed on the Parcel.

33. The Inspectors learned that two individuals receive mail at that address, neither of which is Lee Xiong or Vong Xiong.

34. On February 22, 2017, Inspector Wicker obtained and executed a Search Warrant on the Parcel.

35. The Parcel contained a white photo file box wrapped in plastic, sheets of printed mailing addresses, two white pieces of cloth and a stuffed dog toy. Scented dryer sheets were sealed within the plastic wrap surrounding the white file box.

36. Inspectors removed the plastic from the file box and found another box sealed with white vinyl tape inside. Inspectors opened this box and found three packets wrapped with white vinyl tape inside. Inspectors removed the white vinyl tape sealing the three packets, revealing vacuum heat-sealed plastic bags containing bundles of U.S. Currency.

37. The largest packet contained two heat-sealed bags with five rubber banded bundles of U.S. currency totaling $29,960. The middle-sized packet contained one heat-sealed bag with seven rubber-banded bundles of currency totaling $7,010. The smallest packet contained one heat-sealed bag with three rubber-banded bundles of currency totaling $3,000.

38. Narcotic traffickers often attempt to defeat narcotics detecting dogs by packaging controlled substances or the proceeds from the sale of controlled substances in a manner designed mask or contain narcotic odors. Postal Inspectors recognized that the scented dryer sheets, layers of plastic wrap, vinyl tape and heat-sealed plastic bags concealed within two boxes inside this Parcel were consistent with such packaging.

39. There were no tax documents, personal information, notes, receipts or instructions inside the Parcel. Inspectors know from their training and experience that

individuals who traffic in controlled substances rarely include instructions with narcotics payments, unlike legitimate business payments or gifts, which typically include a note, letter, receipt, card or coupon with cash or monetary instruments.

40. The Inspectors seized the $39,970 in U.S. Currency from the Parcel.

41. On February 24, 2017, Lee Xiong contacted the Postal Service to report that her Parcel, which she alleged contained tax documents and personal information, had not been delivered.

42. Lee Xiong provided the postal representative her primary phone number and address. Both matched the information listed on the "From" portion of the mailing label on the Parcel.

43. Although Lee Xiong's phone number is the same phone number listed Parcel's return address label, it is associated with an address at 1*** East Clairemont Avenue, Eau Claire, WI 54701 rather than 5** Garden Street.

44. On March 8, 2017, Twin Cities Field Office Postal Inspectors Sarah J. Wicker and Adam Widdecombe went to 5** Garden Street and attempted a knock and talk at the sender's address.

45. After knocking, the Inspectors received no response. Inspector Wicker left her business card on the door.

46. Inspector Wicker then called the phone number Lee Xiong had provided to the Postal Service and left Xiong a voice message at approximately 11:00 a.m.

47. A short time later, Inspector Wicker received a phone call from Lee Xiong, who stated that she had mailed the Express Mail parcel on February 21, 2017, from the

Chippewa Falls Post Office. Lee Xiong also said that she had called the Postal Service when the Parcel did not arrive in Fresno on February 23, 2017.

48.     When asked what the parcel contained, Lee Xiong said personal documents, jewelry and money for her brother. Lee Xiong added that her mother had also put the items into the Parcel and asked her to mail it for her.

49.     Inspector Wicker asked why the return address was listed as U Taxes.com. Lee Xiong replied that that was her company and she works out of the house. She said that she does taxes for her family and mostly for her brother-in-law. Lee Xiong did not know how much money was in the parcel or why a drug dog would alert to the parcel.

50.     At approximately 2:00 p.m., Inspector Wicker received a call from number 763-3**-****. The caller identified himself as Vong Xiong, Lee Xiong's brother. Vong Xiong said that his sister had informed him that the missing Parcel was in the custody of Inspector Wicker.

51.     Vong Xiong stated that the Parcel was his and that he had put the items into the Parcel and asked his sister to mail it. He stated he had put $40,000 U.S. Currency into the Parcel to send to his brother in Fresno for partial payment on a Toyota truck he is helping buy for his family.

52.     Inspector Wicker asked why the return address was listed as U Taxes.com and Vong Xiong stated that he lived at 5** Garden Street and that is his company.

53.     When asked why a drug dog would alert to the Parcel, he said he did not know. He said it was not drug money.

54. Vong Xiong's Wisconsin driver's license lists 1*** East Clairemont Avenue, Eau Claire, WI 54701 as his address.

55. A database search was conducted on Vong Xiong's phone number and found it to be associated with 1*** East Clairemont Avenue, Eau Claire, WI 54701.

## BASIS FOR FORFEITURE

56. The allegations in the preceding paragraphs are re-alleged and incorporated by reference.

57. Pursuant to 21 U.S.C. § 881(a)(6), the United States is authorized to forfeit "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance… [and] all proceeds traceable to such an exchange."

58. The Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance, constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

## CLAIM FOR RELIEF

59.    The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in* rem, that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant *in rem*, that the Defendant *in rem* be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated:  7-21-2017                                    GREGORY G. BROOKER
                                                     Acting United States Attorney

                                                      s/ Craig R. Baune

                                                     BY:  CRAIG R. BAUNE
                                                     Assistant U.S. Attorney
                                                     Attorney ID No. 331727
                                                     600 United States Courthouse
                                                     300 South Fourth Street
                                                     Minneapolis, MN 55415
                                                     Phone:  612-664-5600
                                                     Craig.baune@usdoj.gov

## VERIFICATION

I, Adam W. Widdicombe, verify and declare under penalty of perjury as follows:

I have been a Postal Inspector with the U.S. Postal Inspection Service since 2016. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as a Postal Inspector.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: 07/21/2017                         s/ Adam W. Widdicombe
                                          ADAM W. WIDDICOMBE
                                          Postal Inspector
                                          U.S. Postal Inspection Service